IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID MYERS,

    Plaintiff,                      No. 2:11-cv-02372 JAM KJN PS

    v.

WINN LAW GROUP, APC, et al.,

    Defendants.               ORDER
_____/

        Plaintiff, David Myers ("plaintiff") is proceeding without counsel in this action.[1] Plaintiff filed a complaint on September 8, 2011 (Compl., Dkt. No. 1), alleging violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA"), the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 et seq., and the California Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code §§ 1788 et seq. (Compl. at 1.) The complaint is directed at four named defendants: the Winn Law Group, APC; Brian N. Winn; Naomi S. Rust, and Discover Card. (Id.) Plaintiff simultaneously filed an Application To Proceed In Forma Pauperis. (Dkt. No. 2.)

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1      For the reasons stated below, the undersigned grants plaintiff's application to
2  proceed in forma pauperis (Dkt. No. 2), but dismisses the complaint (Dkt. No. 1) without
3  prejudice.  Plaintiff is granted leave to file an amended complaint.
4  I.    Application to Proceed In Forma Pauperis
5      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
6  § 1915.  (Dkt. No. 2.)  Plaintiff has submitted a declaration that makes the showing required by
7  28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.
8  II.   Screening of the Complaint
9      The determination that a plaintiff may proceed in forma pauperis does not
10 complete the required inquiry.  The court is also required to screen complaints brought by parties
11 proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d
12 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not
13 limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).
14 Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in
15 forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if
16 the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks
17 monetary relief against an immune defendant.  See also Lopez, 203 F.3d at 1126-27 ("It is also
18 clear that section 1915(e) not only permits but requires a district court to dismiss an in forma
19 pauperis complaint that fails to state a claim.").
20     Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a
21 plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims
22 showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d
23 1061, 1071 (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if,
24 taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a
25 claim to relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031,
26 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has

1  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
2  reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v.
3  Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at
4  1949). The court accepts all facts alleged as true and construes them in the light most favorable
5  to the plaintiff; the court is "not, however, required to accept as true conclusory allegations that
6  are contradicted by documents referred to in the complaint, and [the court does] not necessarily
7  assume the truth of legal conclusions merely because they are cast in the form of factual
8  allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must
9  construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a
10 plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it
11 appears at all possible that the plaintiff can correct the defect. See Lopez, 203 F.3d at 1130-31.

12          Upon review of the complaint, the undersigned will dismiss the complaint for
13 failure to comply with the pleading standards described above. However, plaintiff will be
14 granted leave to file an amended complaint.

15          Plaintiff's complaint contains few factual allegations regarding conduct by the
16 four named defendants. Although the complaint's caption names four very different defendants
17 — a law firm, two individuals, and "Discover Card" — the text of the complaint only identifies
18 "[t]he Defendants" *collectively* as "debt collectors" and "companies doing business in California
19 and, upon information and belief located in Orange County, California, and Phoenix, Arizona."
20 (Compl. ¶¶ 8-9.) In regards to factual allegations regarding defendants' conduct that may give
21 rise to liability, plaintiff alleges:

> "The Defendants knowingly obtained a consumer report from a consumer credit reporting agency under false pretenses or knowingly without permissible purpose since the plaintiff had no liability on the alleged debt. Plaintiff has no contractual obligation to pay the defendants. Defendants violated both federal and state law by continuing to collect a debt without validation or verification. Defendants used false representation to collect or attempt to collect the alleged debt."

(Compl. ¶¶ 11-14.)  Plaintiff also alleges that the defendants collectively "contact[ed]" plaintiff "outside of the prescribed times of after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."  (Id. ¶ 19.)  Plaintiff also alleges that defendants collectively "pulled a 'credit report'" from a "credit reporting agency" and did so "under false pretenses or knowingly without permissible purpose."  (Id. ¶¶ 22-23.)  Plaintiff also alleges that defendants collectively made a "false representation that the alleged debt may be increased by the addition of attorney fees, investigation fees, services fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the alleged existing debt[,]" and a "false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of the alleged debt is made."  (Id. ¶¶ 27-28.)

These allegations do not provide sufficient notice of the conduct that forms the basis of plaintiff's claims for relief.  Plaintiff has failed to allege how each of the four named defendants were individually involved in violating his rights under the FDCPA, the FCRA, and the Rosenthal Act.  All of plaintiff's allegations are targeted at the four named defendants *collectively*, such that it is impossible to tell which defendant took which alleged actions.[2]  Plaintiff has the responsibility to allege facts to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("bald allegation of impermissible motive" was conclusory and not entitled to an assumption of truth at the pleading stage).  Because plaintiff does not make any factual allegations as to particular defendants, he cannot proceed unless he cures these deficiencies in an amended complaint.

Further, the court does "not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  Putting aside most of plaintiff's conclusory allegations,

---

[2] See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.")

4

few allegations remain: that "defendants" obtained plaintiff's credit report, that plaintiff owes "defendants" no debt, that plaintiff has no contract with "defendants," that "defendants" contacted plaintiff either before 8 a.m. or after 9 p.m. or both, and that "defendants" made at least two "representations" to plaintiff regarding the increase of plaintiff's alleged debt and regarding the institution of legal proceedings. (Compl. ¶¶ 11-14, 19, 22-23, 27-28.) Given plaintiff's failure to distinguish between defendants, these bare factual allegations are more conclusory than necessary. For instance, plaintiff does not allege when these events occurred, where they occurred, or how often they occurred. Plaintiff does not describe the two sorts of "representations" he alleges, except in the most conclusory terms. Plaintiff does not explain his connection(s) with the various defendants or defendants' connection(s) with each other, forcing the court to have to guess at how this dispute arose.

Based on the foregoing, the undersigned will dismiss plaintiff's complaint. However, plaintiff will be granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 and corrects the deficiencies addressed herein. Lopez, 203 F.3d at 1126-27 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, he shall <u>clearly set forth the factual allegations against each defendant</u>. Plaintiff shall explain his relevant connection(s) with each defendant. Plaintiff shall also allege when the alleged events occurred, where they occurred, and how often they occurred, as well as what he was told (and by whom) in the "representations" he alleges.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once plaintiff files an amended complaint, the original no longer serves any

5

1  function in the case.  Defendants not named in an amended complaint are no longer defendants.
2  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment the original pleading
3  no longer performs any function and is "treated thereafter as non-existent."  Id.  "If a plaintiff
4  fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have
5  waived any error in the ruling dismissing the prior complaint."  New York City Employees'
6  Retirement System v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

7       The undersigned dismisses plaintiff's complaint with leave to amend.  Plaintiff
8  has not alleged enough facts to place defendants on notice of their alleged wrongful conduct that
9  gives rise to plaintiff's claims.  Without more, the undersigned cannot order service of the
10 complaint on defendants.  Plaintiff should pay close attention to the pleading standards set forth
11 above in attempting to file a further amended complaint, and should only file a further amended
12 complaint if he believes in good faith that a factual and a legal basis for his claims against
13 defendant actually exists.

14 III.   CONCLUSION

15      For the foregoing reasons, IT IS HEREBY ORDERED that

16      1.   Plaintiff's Application To Proceed In Forma Pauperis (Dkt. No. 2) is
17 granted.

18      2.   Plaintiff's complaint (Dkt. No. 1) is dismissed with leave to amend.
19 Plaintiff is granted 30 days from the date of this order to file an amended complaint that is
20 complete in itself and that addresses the deficiencies herein.  The amended complaint must bear
21 the docket number assigned to this case and must be entitled "First Amended Complaint."
22 Plaintiff must file an original and one copy of the First Amended Complaint.  Failure to timely
23 file an amended complaint in accordance with this order will result in a recommendation that this
24 ////
25 ////
26 ////

1  action be dismissed.[3]  Additionally, plaintiff is informed that the court cannot refer to prior

2  pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220

3  requires that an amended complaint be complete in itself.  See Loux, 375 F.2d at 57.

4  Accordingly, once plaintiff files the First Amended Complaint, the original complaint no longer

5  serves any function in the case.

6         IT IS SO ORDERED.

7  DATED: October 18, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).