IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID MYERS,

     Plaintiff,    No. 2:11-cv-02372 JAM KJN PS

    v.

WINN LAW GROUP, APC, et al.,

     Defendants.    <u>ORDER</u>
_____/

       Plaintiff, David Myers ("plaintiff") is proceeding without counsel and in forma pauperis in this action.[1] (Dkt. No. 3.) Plaintiff filed a complaint on September 8, 2011 (Compl., Dkt. No. 1), alleging violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA"), the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 et seq., and the California Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code §§ 1788 et seq. (Compl. at 1.) The complaint was directed at four named defendants: the Winn Law Group, APC; Brian N. Winn; Naomi S. Rust, and Discover Card. (<u>Id.</u>)

       On October 18, 2011, the undersigned entered an order dismissing plaintiff's complaint under 28 U.S.C. § 1915(e)(2) but granting plaintiff leave to file an amended pleading

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

to correct various defects described in that order. (Dkt. No. 3.) Plaintiff was granted 30 days from October 28, 2011, to file an amended complaint that is complete in itself and that addresses the deficiencies described in the undersigned's order. More than 30 days have passed since the November 18, 2011 deadline for filing an amended pleading, and plaintiff has not filed an amended pleading to date.[2]

The undersigned's order of October 18, 2011 (Dkt. No. 3) informed plaintiff that a "[f]ailure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed." (Id.) The order further informed plaintiff that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." (Id.) Moreover, the order informed plaintiff that Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Finally, the order informed plaintiff that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant

---

[2] A review of the court's electronic docket reflects that, on November 21, 2011, plaintiff filed a one-page document entitled "Motion for Extension of Time." (Dkt. No. 4.) As the undersigned had ordered plaintiff to file his amended pleading by November 17, 2011, plaintiff's November 21, 2011 request was untimely. The three-sentence request sought "additional time" because plaintiff's "paralegal has been in and out of the hospital." (Dkt. No. 4.) As plaintiff is proceeding pro se and in forma pauperis, how plaintiff might have retained a paralegal is unclear. In any event, a minute order dated November 28, 2011 informed plaintiff that his motion was defective as filed, and directed plaintiff to contact the undersigned's courtroom deputy to obtain available law and motion dates. (Dkt. No. 5.) The court's electronic docket reflects that, although it has been nearly two months, plaintiff has not completed any further filings in this action.

2

to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal)."

Plaintiff has had ample time to file an amended pleading and has not done so, despite having been warned of the consequences.  (Dkt. No. 3.)  Given plaintiff's pro se status, however, the undersigned will give plaintiff one final opportunity to amend his pleading to correct the deficiencies described in the undersigned's order of October 18, 2011.  Accordingly, plaintiff shall have until **January 19, 2012**, to file his amended pleading.  ***Failure to timely file an amended complaint in accordance with this order and the court's order of October 18, 2011 will result in a recommendation that this action be dismissed pursuant to the authorities described above.***

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff shall have until **January 19, 2012**, to file his amended pleading in accordance with this order and the undersigned's prior order of October 28, 2011 (Dkt. No. 3).  Failure to timely file an amended complaint in accordance with this order will result in a

1  recommendation that plaintiff's action be dismissed.

2      2. The amended complaint must bear the docket number assigned to this case and must be entitled "First Amended Complaint."  Plaintiff must file an original and one copy of the First Amended Complaint.  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

     IT IS SO ORDERED.

DATED: January 4, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE