1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID MYERS,

11        Plaintiff,                    No. 2:11-cv-02372 JAM KJN PS

12        v.

13   WINN LAW GROUP, APC, et al.,

14        Defendants.                   ORDER
     _____/

15

16        Plaintiff David Myers ("plaintiff"), who is proceeding without an attorney and in

17   forma pauperis, has filed a First Amended Complaint ("FAC").[1]  (First Am. Compl., Dkt. No. 7.)

18   Pursuant to the court's screening authority provided in 28 U.S.C. § 1915(e)(2), the undersigned

19   screens plaintiff's FAC and dismisses the pleading without prejudice.

20   I.    BACKGROUND

21        Plaintiff filed his original complaint on September 8, 2011 (Dkt. No. 1), alleging

22   violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the

23   "FDCPA"), the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 et seq., the

24   California Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code §§ 1788 et

25   _____

26        [1]  This case proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                        1

1  seq.  The original complaint named four defendants: the Winn Law Group, APC; Brian N. Winn;

2  Naomi S. Rust, and Discover Card.  (Dkt. No. 1.)

3        The undersigned screened plaintiff's original complaint pursuant to 28 U.S.C.

4  § 1915(e)(2) and dismissed the complaint without prejudice.  (Order issued Oct. 18, 2012, Dkt.

5  No. 3.)  The undersigned previously explained that the pleading's repeated references to all

6  "defendants" collectively was insufficient because it left each defendant wondering which

7  defendant took which alleged actions.  (Id. at 4.)  Similarly, the undersigned also explained that

8  bald, conclusory allegations would not suffice and that factual allegations are required to support

9  plaintiff's claims.  (Id.)  The undersigned also noted that the pleading's scant factual allegations

10  left the court to guess at how the dispute arose and how plaintiff and the various defendants

11  interacted with themselves and/or each other.  (Id.)

12        After plaintiff failed to meet the deadline for filing an amended pleading, the

13  undersigned extended plaintiff's deadline (Order issued January 5, 2012, Dkt. No. 6), and

14  thereafter plaintiff filed the FAC (First Am. Compl., Dkt. No. 7).  Plaintiff's amended pleading

15  alleges violations of the FDCPA and the FCRA.  (First Am. Compl. at 5 (Count I - FDCPA), 8

16  (Count II - FCRA).)[2]  Although it is five pages longer, names additional defendants, and includes

17  some attached exhibits, the FAC does not significantly differ from the original complaint and is

18  rife with similar deficiencies as described below.  Upon review of the FAC, the undersigned

19  dismisses the complaint for failure to comply with the pleading standards described previously

20  and again herein.  However, plaintiff is granted one final opportunity to file another amended

21  pleading.

22  II.    DISCUSSION

23        The court is required to screen complaints brought by parties proceeding in forma

24  pauperis.  See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir.

25

26      [2] Plaintiff has apparently decided to drop his state law claim.  (Compare Dkt. No. 1 with Dkt. No. 7 (omitting reference to the Rosenthal Act).)

2

2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to

28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma

pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the

action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief against an immune defendant.  See also Lopez, 203 F.3d at 1126-27 ("It is also

clear that section 1915(e) not only permits but requires a district court to dismiss an in forma

pauperis complaint that fails to state a claim.").

        Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a

plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims

showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d

1061, 1071 (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if,

taking all well-pleaded factual allegations as true, it does not contain "'enough facts to state a

claim to relief that is plausible on its face.'"  See Coto Settlement v. Eisenberg, 593 F.3d 1031,

1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "'A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v.

Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at

1949).  The court accepts all facts alleged as true and construes them in the light most favorable

to the plaintiff; the court is "not, however, required to accept as true conclusory allegations that

are contradicted by documents referred to in the complaint, and [the court does] not necessarily

assume the truth of legal conclusions merely because they are cast in the form of factual

allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must

construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a

plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them if it

appears at all possible that the plaintiff can correct the defect.  See Lopez, 203 F.3d at 1130-31.

3

A.    *Failure To Give Notice To Each Defendant*

Plaintiff's amended pleading purports to add several new individual defendants to this action.  (First Am. Compl.  ¶¶ 7-15 (adding defendants Laura M. Hoalst, John E. Gordon, Dana L. Ozols, Stephen S. Zeller).)  However, just as in plaintiff's original complaint, the FAC again repeatedly refers to all defendants collectively and fails to give each defendant notice of the claims against them.  Almost all of the allegations within the First Amended Complaint target "defendants" generally, making it impossible to discern which allegations are targeted against which defendants in this case.  Plaintiff's current pleading is impermissibly "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [defendants] charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (federal pleading standards require the presentation of factual allegations sufficient to state a plausible claim for relief as to each defendant); e.g. Sollberger v. Wachovia Securities, LLC, No. SACV 09-0766 AG (Anx), 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (unpublished).[3]  Here, while the FAC's claims for relief now expressly target *all* named defendants (id. ¶¶ 40-41; 50-51 (listing each defendant below each claim for relief)), and while the FAC includes separate paragraphs *identifying* individual defendants (id. ¶¶ 7-15), most of the pleading's subsequent allegations fail to mention any individual defendants by name.  (Id. ¶¶ 17-54.)

Here, zero factual allegations pertain to defendants Naomi S. Rust, Laura M. Hoalst, John E. Gordon, Dana L. Ozols, and Stephen S. Zeller.  If plaintiff knows enough about

---

[3]  "One common theme of Rule 8(a), Rule 9(b), Iqbal, [and] Twombly . . . is that plaintiffs must give the defendants a clear statement about what the defendants allegedly did wrong[;]" and "[o]ne common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong.  Another type is where the plaintiff recites a collection of general allegations toward the beginning of the Complaint, and then 'each count incorporates every antecedent allegation by reference.'"  Sollberger, 2010 WL 2674456, at *4.

4

1   these individuals to name them as defendants, he can presumably allege something about what

2   role(s) they played in the alleged wrongful collection of his alleged debt(s).  Only one factual

3   allegation attributes conduct to particular defendants: "[O]n July 14, 2009, the Defendants LAW

4   OFFICES OF BRIAN N. WINN, WINN LAW GROUP, initiated a . . . pull of [plaintiff's] credit

5   report . . . thereby reducing [plaintiff's] credit score."  (Id. ¶ 20.)  The remaining allegations

6   target "defendants" collectively, even though the allegations reference different communications

7   on different dates, and the named defendants range from several different individuals to a law

8   firm to "Discover Card."  Plaintiff apparently wishes to levy each allegation against each and

9   every named defendant, perhaps in efforts to claim that each and every defendant has attempted

10  to collect a debt from him in alleged violation of federal law.  (Id. ¶¶ 40-54.)  While plaintiff is

11  free to assert each of his claims against each named defendant, as described in the undersigned's

12  prior order, each defendant is entitled to notice of the bases for the claim(s) against him or her.  It

13  remains impossible to tell which defendant took which alleged actions, given plaintiff's

14  "shotgun" approach of attributing every alleged action to all "defendants.[4]

15          B.      *Failure To Include Factual Allegations Supporting Claims*

16          Plaintiff's amended pleading also does little to flesh out the factual bases for his

17  claims.  Plaintiff has the responsibility to allege facts to state a plausible claim for relief.  See

18  Iqbal, 129 S. Ct. at 1949; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("bald

19  allegation of impermissible motive" was conclusory and not entitled to an assumption of truth at

20  the pleading stage).  Among the FAC's new factual allegations are that "[t]his case stems from a

21  suit filed by Mann Bracken LLP in June 2009," that the Mann Bracken firm closed, and that

22  Winn Law Group "took over that case" and "purchased this from Mann Bracken."  (Id. at pp. 1-

23  2.)  However, claims under the FDCPA can only arise from efforts to collect the debt of another,

24  ────────────

25  [4]  See Magluta, 256 F.3d at 1284 ("The complaint is replete with allegations that 'the
    defendants' engaged in certain conduct, making no distinction among the fourteen defendants
    charged, though geographic and temporal realities make plain that all of the defendants could not
26  have participated in every act complained of.")

5

and plaintiff's vague allegations appear to be premised on Winn Law Group's alleged efforts to collect monies owed to Winn Law Group after having acquired Mann Bracken.[5]  (Id.)  Muddying the waters further, plaintiff also alleges that "defendants" were granted "a judgment in the amount of $16,546.56 in the Sacramento Superior Court of California, and is now being reflected negatively on two of the plaintiff's credit reports."  (Id. ¶ 38.)  It therefore appears that the alleged "debt" might be owed directly to Winn Law Group.[6]

To say the least, the factual bases for plaintiff's "debt" claims and credit reporting are unclear.  Vague reference to a "case" being transferred between law firms does not describe a "debt."  Perhaps the alleged "debt" is a fee allegedly owed to a law firm, and perhaps the firm sold such "debt" to another firm for collection purposes, but the FAC does not clearly allege as much.  The undersigned will "not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  See Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  Because plaintiff seeks to assert claims premised on debt collection, he must explain what the "debt" is, to what entity (or individual) the debt is owed, and

---

[5]  The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  For purposes of the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*."  15 U.S.C. § 1692a(6) (emphasis added).  A creditor is not a "debt collector" under the FDCPA.  See Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009); Schlegel v. Wells Fargo Bank, N.A., 799 F. Supp. 2d 1100, 1103-04 (N.D. Cal. 2011).  As a matter of policy, this distinction is because the FDCPA is "aimed at debt collectors who might have no future contact with the consumer and often are unconcerned with the consumer's opinion of them . . . Where there is an ongoing relationship, creditors arguably have an incentive to treat debtors with honesty and respect."  Schlegel, 799 F. Supp. 2d at 1105 (internal quotation marks omitted).  A creditor is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default *solely for the purpose of facilitating collection of such debt for another*."  15 U.S.C. § 1692a(4) (emphasis added).  Thus, "collecting debt *not for another*, whether or not the debt is assigned in default, makes one a creditor" not subject to the FDCPA.  See Schlegel, 799 F. Supp. 2d at 1104 (emphasis added).

[6]  Plaintiff's vague reference to "defendants" makes this impossible to discern.

the efforts made to collect it.  Listing bare dates of alleged collection efforts (id. ¶¶ 36-37) is not sufficient.  For instance, if plaintiff contends that a "false representation" was made (id. ¶ 36), plaintiff must also state what the representation was, who made it, and explain how it was false.

In any event, when conclusory allegations are put aside, only a handful of factual allegations remain — and none of them explain the source of the alleged "debt," to whom it may be owed, what efforts were made to collect the debt, how "Discover Card" (or perhaps "Discover Bank", compare pleading's caption with ¶ 8) was involved in the debt collection, how each individual defendant was involved in the debt collection, what representations were made to plaintiff about the debt (if any), and, among other things, how plaintiff's allegedly lowered credit score resulted in $24,618.43 in damages.  (Id. ¶ 6.)  None of the allegations explain why plaintiff contends it was wrong to "pull" plaintiff's credit report, nor do they explain the "purpose" for which the report was allegedly used.[7]  (Id. ¶ 53.)  Indeed, the only clear factual allegations the court can discern from the pleading is that Winn Law Group allegedly "purchased" a "case" from Mann Bracken and that Winn Law Group subsequently "initiated a . . . pull" of plaintiff's credit report.  (Id. ¶ 20.)

Plaintiff has previously received the opportunity to shed light on the factual bases for his claims and to clarify each defendant's alleged involvement and has thus far failed to do so.  However, given plaintiff's pro se status, the undersigned will give plaintiff one more opportunity to amend his pleading and correct these deficiencies.

////

---

[7]   15 U.S.C.A. § 1681b(f) provides,

"A person shall not use or obtain a consumer report for any purpose unless --

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

1   III.     CONCLUSION

2          The undersigned dismisses plaintiff's FAC with leave to amend.  Plaintiff has not

3   alleged enough facts to place defendants on notice of the alleged wrongful conduct giving rise to

4   claims against them, and has not included factual allegations necessary to support his claims.

5   Without more, the undersigned cannot order service of the pleading.  Plaintiff should pay close

6   attention to the pleading standards set forth above in attempting to file a further amended

7   complaint, and should only file a further amended complaint if he believes in good faith that his

8   claims have a factual and a legal basis.  Plaintiff is granted leave to file an amended complaint

9   that complies with Federal Rule of Civil Procedure 8 and corrects the deficiencies addressed

10  herein.  Lopez, 203 F.3d at 1126-27 (district courts must afford pro se litigants an opportunity to

11  amend to correct any deficiency in their complaints).

12         Should plaintiff choose to file yet another amended complaint, he shall *clearly set*

13  *forth the factual allegations against each defendant*.  If plaintiff wishes to name individuals as

14  defendants in this action, he must include factual allegations describing the conduct of *each*

15  *defendant*.  Plaintiff must also flesh out the factual bases for his claims as described above.

16         Additionally, plaintiff is informed that the court cannot refer to prior pleadings in

17  order to make an amended complaint complete.  Local Rule 220 requires that an amended

18  complaint be complete in itself.  This requirement is because, as a general rule, an amended

19  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

20  ("The amended complaint supersedes the original, the latter being treated thereafter as

21  non-existent.").  Accordingly, once plaintiff files an amended complaint, the original no longer

22  serves any function in the case.  Defendants not named in an amended complaint are no longer

23  defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment the

24  original pleading no longer performs any function and is "treated thereafter as non-existent."  Id.

25  "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed

26  to have waived any error in the ruling dismissing the prior complaint."  New York City

8

1   Employees' Retirement System v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

2         For the foregoing reasons, IT IS HEREBY ORDERED that

3         1.    Plaintiff's First Amended Complaint (Dkt. No. 7) is dismissed with leave

4   to amend.  Plaintiff is granted 30 days from the date of this order to file an amended complaint

5   that is complete in itself and that addresses the deficiencies herein.  The amended complaint must

6   bear the docket number assigned to this case and must be entitled "Second Amended

7   Complaint."  Plaintiff must file an original and one copy of the Second Amended Complaint.

8         2.    *Failure to timely file an amended complaint in accordance with this order*

9   *will result in a recommendation that this action be dismissed.*[8]  *Failure to include any factual*

10  *allegations describing the allegedly wrongful conduct of a given defendant will result in a*

11  *recommendation that such defendant be dismissed.  Failure to allege factual allegations*

---

13  [8]  Plaintiff is advised that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is
> bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
> and all other applicable law.  All obligations placed on "counsel" by these
> Rules apply to individuals appearing in propria persona.  Failure to comply
> therewith may be ground for dismissal . . . or any other sanction
> appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

*supporting each element of plaintiff's claims will result in a recommendation that this action be dismissed.*

　　　　3.　　　Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Eastern District Local Rule 220 requires that an amended complaint be complete in itself.  See Loux, 375 F.2d at 57. Accordingly, once plaintiff files the Second Amended Complaint, previously filed complaints no longer serve any function in the case.

　　　　　IT IS SO ORDERED.

DATED:  October 17, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE