1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID MYERS,

11          Plaintiff,                    No. 2:11-cv-02372 JAM KJN PS

12          v.

13   WINN LAW GROUP, APC, et al.,

14          Defendants.                   ORDER TO SHOW CAUSE
     _____/

15

16          Plaintiff David Myers ("plaintiff") is proceeding without counsel and in forma

17   pauperis in this action.[1]  (Dkt. No. 3.)  On October 18, 2011, the undersigned screened plaintiff's

18   original pleading and dismissed it with leave to amend.  (Order, Oct. 18, 2011, Dkt. No. 3.)

19   Plaintiff requested additional time to file his amended pleading (see Dkt. Nos. 4-6), and

20   ultimately filed a First Amended Complaint on January 12, 2012.  (First Am. Compl., Dkt. No.

21   7.)

22          On October 18, 2012, the undersigned screened plaintiff's First Amended

23   Complaint as required by 28 U.S.C. § 1915(e)(2).  (Order, Oct. 18, 2012, Dkt. No. 8.)  The

24   undersigned dismissed plaintiff's pleading without prejudice and granted plaintiff 30 days to file

25   _____

26          [1] This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  a second amended complaint.  (Id.)  A review of the court's docket reveals that to date, plaintiff

2  has not filed a second amended complaint and has not complied with the undersigned's order of

3  October 18, 2012.

4          Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to

5  comply with these Rules or with any order of the Court may be grounds for imposition by the

6  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

7  Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

8

9          Any individual representing himself or herself without an attorney is
           bound by the Federal Rules of Civil or Criminal Procedure, these Rules,
           and all other applicable law.  All obligations placed on "counsel" by these

10         Rules apply to individuals appearing in propria persona.  Failure to comply
           therewith may be ground for dismissal . . . or any other sanction

11         appropriate under these Rules.

12  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

13  same rules of procedure that govern other litigants.").  Case law is in accord that a district court

14  may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice

15  pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or

16  her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32,

17  44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to

18  prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.

19  2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil

20  Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil

21  procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)

22  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

23  failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v.

24  Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that

25  district courts have inherent power to control their dockets and may impose sanctions including

26  dismissal), cert. denied, 479 U.S. 829 (1986).

2

1          Based on the foregoing, IT IS HEREBY ORDERED that:

2          1.     Plaintiff shall show cause in writing, no later than January 21, 2013, why

3 this case should not be dismissed for plaintiff's failure to prosecute the action and failure to

4 follow the court's order of October 18, 2012 (Dkt. No. 8).

5          2.     On or before January 21, 2013, plaintiff shall file a Second Amended

6 Complaint that addresses the issues raised in the court's screening order entered on October 18,

7 2012 (Dkt. No. 8).

8          3.     Plaintiff's failure to file the required writing and the Second Amended

9 Complaint shall constitute an additional ground for, *and plaintiff's consent to*, the imposition of

10 appropriate sanctions, including a recommendation that plaintiff's case be involuntarily

11 dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110

12 and 183(a).

13          IT IS SO ORDERED.

14 DATED:  December 20, 2012

15

16                           _____

17                           KENDALL J. NEWMAN

                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26