1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID MYERS,

11          Plaintiff,                        No. 2:11-cv-02372 JAM KJN PS

12          v.

13   WINN LAW GROUP, APC,
     et al.,
14
            Defendants.                       FINDINGS AND RECOMMENDATIONS
15   _____/

16          Through these proposed findings and recommendations, the undersigned

17   recommends that plaintiff's case be dismissed with prejudice and that this case be closed.[1]

18   Although plaintiff was previously granted leave to amend his complaint, plaintiff twice failed to

19   do so.

20   I.     BACKGROUND

21          Plaintiff David Myers ("plaintiff") is proceeding without counsel and in forma

22   pauperis in this action.  (Dkt. No. 3.)  On October 18, 2011, the undersigned screened plaintiff's

23   original pleading and dismissed it with leave to amend.  (Order, Oct. 18, 2011, Dkt. No. 3.)

24   Plaintiff requested additional time to file his amended pleading (see Dkt. Nos. 4-6), and

25

26          [1]  This case proceeds before the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                    1

1  ultimately filed a First Amended Complaint on January 12, 2012.  (First Am. Compl., Dkt. No.

2  7.)

3          On October 18, 2012, the undersigned screened plaintiff's First Amended

4  Complaint as required by 28 U.S.C. § 1915(e)(2).  (Order, Oct. 18, 2012, Dkt. No. 8.)  The

5  undersigned dismissed plaintiff's pleading without prejudice and granted plaintiff 30 days to file

6  a second amended complaint.  (Id.)  In that order, the undersigned warned plaintiff that a

7  "*[f]ailure to timely file an amended complaint in accordance with this order will result in a*

8  *recommendation that this action be dismissed.*"  (Dkt. No. 8 at 9 (emphasis in original).)

9          When plaintiff failed to timely file a second amended complaint, the undersigned

10  issued an Order to Show Cause ("OSC") on December 20, 2012, requiring plaintiff to explain the

11  failure, allowing him an additional chance to file such a pleading, and warning him that failure to

12  comply with the OSC would result in a recommendation that plaintiff's case be dismissed

13  pursuant to Federal Rule of Civil Procedure 41(b).  (OSC, Dkt. No. 9 at 2-3.)  The OSC

14  specifically warned plaintiff that "[p]laintiff's failure to file the required writing and the Second

15  Amended Complaint shall constitute an additional ground for, *and plaintiff's consent to*, the

16  imposition of appropriate sanctions, including a recommendation that plaintiff's case be

17  involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and

18  Local Rules 110 and 183(a)."  (Id. (emphasis in original).)

19          A review of the court's docket reveals that to date, plaintiff has not filed a second

20  amended complaint and has not complied with the undersigned's order of October 18, 2012, or

21  the Order to Show Cause issued on December 20, 2012.

22          The undersigned's prior orders (Dkt. Nos. 8, 9) each separately informed plaintiff

23  that Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

24  with these Rules or with any order of the Court may be grounds for imposition by the Court of

25  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

26  Moreover, the undersigned's prior orders (Dkt. Nos. 8, 9) also informed plaintiff that Eastern

2

District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  The undersigned's prior orders (Dkt. Nos. 8, 9) also informed plaintiff that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  (See Dkt. Nos. 8, 9 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986)).)

To date, plaintiff has had ample time to file a second amended pleading and has not done so, despite having been warned of the consequences.  Moreover, given plaintiff's pro se status, the undersigned gave plaintiff additional opportunities to amend his pleading to correct its deficiencies.  (Orders, Dkt. Nos. 8, 9.)  Notwithstanding those opportunities, plaintiff has not filed any second amended pleading to date.

////

3

II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

failure to comply with the court's local rules, or failure to comply with the court's orders.[2]  See,

e.g., Chambers, 501 U.S. at 44 (recognizing that a court "may act *sua sponte* to dismiss a suit for

failure to prosecute"); Hells Canyon, 403 F.3d at 689 (recognizing that courts may dismiss an

action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

prosecute or comply with the rules of civil procedure or the court's orders); Ferdik, 963 F.2d at

1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an

action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639,

642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S. 909 (2003).  This

court's Local Rules are in accord.  See E.D. Cal. L.R.  110 ("Failure of counsel or of a party to

comply with these Rules or with any order of the Court may be grounds for imposition by the

Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

Court."); E.D. Cal. L.R. (a) (providing that a pro se party's failure to comply with the Federal

Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among

other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for

failure to prosecute, failure to comply with a court order, or failure to comply with a district

court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendants; (4) the public policy favoring disposition of
> cases on their merits; and (5) the availability of less drastic

---

[2]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

1    alternatives.

2    Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

3    Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

4    "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

5    way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

6    Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

7    Although involuntary dismissal can be a harsh remedy, on balance the five

8    relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support

9    dismissal of this action.  Plaintiff's failure to file a second amended complaint in response to two

10   court orders, despite clear warnings of the consequences for such failures, strongly suggests that

11   plaintiff has abandoned this action or is not interested in seriously prosecuting it.  See, e.g.,

12   Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in

13   expeditious resolution of litigation always favors dismissal.").  Any further time spent by the

14   court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will

15   consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at

16   1261 (recognizing that district courts have inherent power to manage their dockets without being

17   subject to noncompliant litigants).

18   In addition, the third factor, which considers prejudice to a defendant, should be

19   given some weight.  See Ferdik, 963 F.2d at 1262.  Although the court has not ordered that

20   plaintiff's operative complaint be served on defendants, defendants remain named in a lawsuit.  It

21   is difficult to quantify the prejudice suffered by defendants here; however, it is enough that

22   defendants have been named in a lawsuit that plaintiff has effectively abandoned.  At a

23   minimum, defendants have been prevented from attempting to resolve this case on the merits by

24   plaintiff's unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be

25   prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

26   ////

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action.  As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, Malone v. Frank, 488 U.S. 819 (1988).  The court excused plaintiff's initial failure to file a second amended complaint and provided plaintiff with additional time to file an amended complaint.  (OSC, Dkt. No. 9.)  Moreover, the court advised plaintiff that he was required to actively prosecute his action and follow the court's orders.  (Dkt. Nos. 8-9.)  It also warned plaintiff in clear terms that failure to file a second amended complaint would result in a recommendation of dismissal, based in part on plaintiff's consent to such a dismissal.  (Dkt. Nos. 8 at 9; 9 at 3.)  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")  At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.  This finding is supported by the fact that plaintiff is proceeding in forma pauperis and thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors

1  outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik,

2  963 F.2d at 1263.

3  III.    CONCLUSION

4              For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

5              1.      Plaintiff's action be dismissed with prejudice pursuant to Federal Rule of

6  Civil Procedure 41(b) and Local Rules 110 and 183(a).

7              2.      The Clerk of Court be directed to close this case and vacate all dates.

8              These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

10  days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E. Dist.

12  Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's

13  Findings and Recommendations."  Any response to the objections shall be filed with the court

14  and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule

15  304(d).  Failure to file objections within the specified time may waive the right to appeal the

16  District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst,

17  951 F.2d 1153, 1156-57 (9th Cir. 1991).

18              IT IS SO RECOMMENDED.

19  DATED:  March 8, 2013

20

21

22  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

23

24

25

26